FERPOL REALTY CORP., Landlord, *v.* JEROME GERENDASSY, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, December 19, 1952.

*Herman S. Rosen* for landlord.

*Arthur Weiss* for tenant.

LORETO, J. This case has been presented upon a stipulation of facts.

The tenant rented two adjoining and connecting apartments under one lease, one stripped of kitchen facilities in order to permit it to be used for professional purposes. The term of the two-year lease expired and the tenant vacated the latter apartment. Meanwhile, the rent expediter fixed the rent for the former apartment at $80 per month, which is the sum the tenant has tendered as rent therefor.

The landlord has brought this proceeding to recover the rental of $200 per month for both apartments as stipulated in the expired lease, never having consented to the tenant's vacating of one apartment.

The court finds that there was a single rental of two units for a stipulated undivided and unapportioned monthly rent. The lease having expired, the tenant if he chose, could vacate the entire premises leased with impunity. The emergency rent act, converting his continued occupancy into a statutory one, did not thereby confer upon him the right to withhold part and to

relinquish the remainder of the leased premises freeing him of any obligation to pay rent for the latter portion thereof. Such action taken by the tenant was unilateral. There was no showing that the landlord consented thereto.

It has been held that where six buildings were rented and dealt with as a single integrated structure, the landlord seeking the premises for his own use under the emergency rent act may not evict the tenant from part because part eviction might well compel complete removal, the court holding: " In brief, then, the tenant may not be removed from less than the entire space which he rented." (*Morse & Crossman* v. *Acker & Co.*, 297 N. Y. 304, 312. See, also, *Kauffman & Sons Saddlery Co.* v. *Miller*, 72 N. Y. S. 2d 911.)

The converse of such a holding, i.e., that the tenant may not quit part of single rented premises and retain part freeing himself of rental for the former, is both rational and just. It was held in the *Morse* case (*supra*) that both the letter and the spirit of the act condemn the landlord's action of partial eviction. It is likewise clear that the act confers no right to the tenant to partial vacating.

The circumstance that the rent expediter, after the commencement of the lease term, fixed the maximum rent for one of the two apartments rented at $80 per month, does not alter this conclusion. That ruling of the rent expediter is one that would become operative if that unit were separately rented or became so. It cannot be held to apply where, as here, the two apartments were jointly rented and such unified rental has not been altered or terminated with the landlord's consent.

Accordingly, a final order and judgment is granted to the landlord for $200. Five days' stay.